**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-107T** |
| | : | |
| **ISAAC NATHANIEL CHANDLER** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

## INTRODUCTION

Defendant Isaac Nathaniel Chandler objects to the drug quantity used to calculate his sentence and he requests that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. Defendant argues that his impoverished upbringing and his allegedly over-inflated criminal history entitle him to a sentence below the 262 to 327 month range found by the United States Probation Department. The government disagrees.

## LAW

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that

the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted.

A. Departures

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. See United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. See United States v. Dethlefs, 123 F.3d 39, 44 (1st Cir. 1997). Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration.

If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996).

B. Variances

After Booker, "[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006). However, ". . . reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." Id.

In this Circuit, the guidelines are "more than just 'one factor among many,'" they are the "proper starting point for post-Booker sentencing, and . . . the proponent of a variance [has] to support it." United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)). In deciding whether to vary from the guideline range, District Courts must

consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns. See Jimenez-Beltre, 440 F.3d at 518-19.

## ARGUMENT

A. Drug Quantity

The defendant disputes the probation officer's calculation of drug quantity. He claims that the plea agreement specifically limited his relevant conduct by agreeing to the quantity of the drugs seized. The government does not interpret the plea agreement in this manner. Although the government agreed that 40.91 grams of crack cocaine were seized, the government did not agree to limit the amount of relevant conduct attributable to the defendant.

The probation officer followed the guidelines when she converted the currency seized into narcotics[1]. This is

[1] Even assuming the defendant was the lowest level dealer, that is, a dealer selling "rocks" on the street, he would yield $100 per gram ($20 per "rock" or 0.2 grams). Although the quantity of narcotics seized suggests that the defendant is a

especially true in a case such as this where the defendant specifically agreed that such currency constituted proceeds of his narcotics trafficking and were forfeitable. See Plea Agreement, para. 1f(iii).

B. Poverty

Defendant asks this Court for leniency based on his impoverished background; however, "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." U.S.S.G. § 5H1.12. In U.S.S.G. § 5K2.0(d), "Prohibited Departures," the guidelines provide that "the court may not depart from the applicable guideline range based on . . . 5H1.2 (Lack of Guidance as a Youth and Similar Circumstances)."

C. Criminal History

The defendant asks the court to consider the fact that he would have a criminal history category of IV if it were not for his career offender status. The defendant then argues that he is not the "typical career offender" and thus his criminal history is over-represented.

At most, however, the guidelines provide for no more than a one level departure if the Court were to conclude that the defendant's criminal history category was "substantially over-

level above the street corner dealer, if the Court were to use the most conservative estimate of $100 per gram, the defendant's relevant conduct would still involve 67 grams of cocaine base, warranting a base offense level of 35.

represent[ed].” See U.S.S.G. § 4A1.3. The commentary notes to § 4A1.3 suggest a departure is warranted on this basis in cases where the defendant has convictions that were almost not counted due to age and the defendant ceased his criminal activity. See U.S.S.G. § 4A1.3, commentary note 3. In this case, the defendant’s criminal activity was more recent; he did not quit committing crimes and he has an outstanding warrant in a pending drug case for violating his pretrial release.

D. Variance

The defendant has demonstrated no personal characteristics, no facts about the crime, nor any other grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a). The defendant possessed an ounce and a half of crack cocaine. The quantity he possessed at one time suggests that he was a level above the corner street dealer. Moreover, the defendant’s narcotics convictions and his repeated involvement with firearms demonstrate that he is a threat to society.

Although the defendant may have had a difficult life, his family situation and upbringing were no more difficult than that faced by most defendants prosecuted for narcotics violations. See United States v. Brady, 417 F.3d 326, 333-34 (2d Cir. 2005)[2].

---

[2] In Brady, the Second Circuit discussed the extremity of childhood abuse necessary for a departure as well as the

Recognizing how all too common a disadvantaged childhood is, the Second Circuit in Brady proclaimed, "it is the sad fact that so many defendants have unfortunate pasts . . . we cannot apply a disfavored departure to many or most defendants." Id. Similarly, in this case, if the Court finds the defendant's upbringing warrants a variance from the guidelines, the Court will be forced to vary in virtually every case so as to avoid unwarranted disparities.

**CONCLUSION**

For the above reasons, the government submits that defendant's motion for a sentence below the sentencing guidelines should be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

---

causation requirement between the abuse and criminal activity in the context of a departure pursuant to U.S.S.G. § 5H1.3, Mental and Emotional Conditions.

**CERTIFICATE OF SERVICE**

On March 21, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Judy Crowell
128 Dorrance Street - 4th Floor
Providence, RI 02903

Notification by facsimile:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj