UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 06-107T

ISAAC NATHANIEL CHANDLER

**MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE**

Now comes this Defendant, Isaac Nathaniel Chandler, and moves that this Honorable Court grant him downward departure from his otherwise-applicable guideline range and/or that this Court sentence Defendant to a term of incarceration below his otherwise applicable guideline range because a lesser sentence would fully effectuate the purposes of sentencing as articulated in 18 USC Section 3553(a), all as more fully set forth in the accompanying Memorandum.

ISAAC NATHANIEL CHANDLER
Defendant
By His Attorney,

Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on March 16, 2007, I mailed a copy of this Motion to AUSA Sandra Beckner, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903 and to USPO Heather McLoughlin, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 06-107T

ISAAC NATHANIEL CHANDLER

**SENTENCING MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE**

This Defendant Isaac Nathaniel Chandler has pleaded guilty to this Indictment, which charges him with possession with intent to distribute of more than five grams of cocaine base within 1000 feet of a school; possession with intent to distribute of more than five grams of cocaine base, and possession of a firearm after a prior felony conviction. Prior to entry of Defendant's plea, the Defendant and the Government executed a written, nonbinding plea agreement. In that agreement, the Defendant agreed not to request a sentence of less than 97 months; the Government agreed to request a sentence of 97 months or a sentence at the low end of Defendant's guideline range, whichever is greater, and the Defendant further agreed that, in the event the Government requested a sentence of 97 months, he would join in that recommendation.

In addition, the Defendant and the Government, in the plea agreement, stipulated and agreed to certain facts under the guidelines:

1. that Defendant possessed 40.91 grams of cocaine base, crack, with intent to distribute, and that some of the crack was possessed within 1000 feet of a school; and

2. that Defendant possessed a firearm, and that the Defendant would not contest application of the two-point increase in offense level set forth in USSG Section 2D1.1(b)(1).

Paragraph 15 of the presentence investigation report gives operative effect to the Defendant's agreement not to contest the two level increase in offense level pursuant to Section 2D1.1(b)(1), and as well as the stipulation that some of the crack cocaine was possessed within 1,000 feet of a school, thereby increasing Defendant's offense level by one additional level pursuant to Section 2D1.2(a)(2).

However, the presentence investigation report fails to give effect to the third stipulation and agreement set forth in the plea agreement, namely that the amount of cocaine base possessed by Defendant is 40.91 grams. Defendant has objected to the probation officer's failure to give effect to this agreement between the Government and the Defendant, and submits, for the reasons set forth in Defendant's objection as well as reasons of fundamental fairness, that this Court should reduce Defendant's offense level to conform to the stipulation of the parties.

If this Court were to recalculate Defendant's offense level as requested, the base offense level set forth in paragraph 15 would be reduced by two levels, to 33. The "Combined Adjusted Offense Level" would also be reduced to level 33. His offense level calculated pursuant to the career offender guideline remains level 34; according to Section 4B1.1, level 34, the greater of the two, would be the Defendant's revised offense level. With the three level adjustment for acceptance of responsibility, Defendant's "Total Offense Level" as set forth in Paragraph 32 would be reduced by one, to level 31.

This would decrease Defendant's advisory guideline range, as set forth in Paragraph 59 of the presentence investigation report, to 188-235 months.

Defendant accepts the probation officer's finding, set forth in Paragraph 36 of the presentence investigation report, that he qualifies as a "career offender" pursuant to Section 4B1.1 of the Sentencing Guidelines, because he has two prior convictions for controlled substance offenses. However he contends that as applied to him the career offender guideline "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes". USSG Section 4A1.3(b)(1). He further contends that he is not a typical career offender, that his criminal history differs markedly from that of the typical career offender, and that a sentencing variance is therefore warranted.

Defendant, who is 29 years old, has two prior convictions, as set forth in Paragraphs 34 and 35 of the presentence investigation report. He pleaded guilty to the charge of possession of cocaine with intent to distribute and carrying a handgun in Circuit Court for Prince George's County, Maryland on May 18, 1998; he received a sentence of three years, 10 months to serve. He was 19 years old at the time. That same year, on October 21, 1998, Defendant pleaded nolo contendere in Providence County Superior Court to possession with intent to deliver cocaine and marijuana and possession of a firearm during a controlled substance offense; he was sentenced to serve 30 months, with a ten year suspended sentence and probation to commence thereafter.

Defendant has no juvenile record, and has no other adult convictions. He has a total of seven criminal history points. But for the application of the career offender guideline, Defendant's criminal history category would be IV.

Even before the United States Supreme Court decided United States v. Booker, 543 US 220 (2005), courts had the authority to depart downward in sentencing a defendant who qualified as a career offender. "[T]here is nothing unique to career offender status which would strip a sentencing court of its 'sensible flexibility in considering departures.'" United States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996), quoting United States v. Rogers, 972 F.2d 489, 493 (2d Cir. 1992). In particular, sentencing judges had distinguished between street sellers of narcotics and those offenders who played a substantial role in narcotics distribution.

> [A] street seller of narcotics [is] the lowest level on the distribution chain. Not only did this make [defendant] the least significant member of the distribution chain, but it made him the person most likely to be arrested and convicted since he was out on the street where he could easily be observed and approached by the police. For this reason, his record of convictions should be considered less significant for sentencing purposes than that of others in the distribution chain who do not expose themselves so readily to the risk of arrest and conviction. To equate two or three convictions for street level sales of narcotics with two prior convictions for distributing wholesale quantities of narcotics would seriously over-represent the seriousness of the street seller's criminal history.

United States v. Williams, 78 F.Supp.2d 189, 193 (SDNY 1999).

Although Section 4A1.3(3)(A) was revised to limit the scope of a downward departure based on over-representation of a defendant's criminal history to one criminal history category, Defendant submits that the Guidelines cannot limit the Court's discretion to consider the extent to which Defendant is not a typical career offender in support of a sentencing variance. Defendant submits that a sentence below his otherwise-applicable guideline range would nevertheless fully effectuate the goals of sentencing as set forth in 18 USC Section 3553(a), namely to

> impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2) the need for the sentence imposed –
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Defendant's criminal history contains no juvenile contacts, juvenile adjudications or adult convictions other than the two convictions that form the factual predicate for Defendant's classification as a career offender. His relatively small criminal history, as compared with the criminal histories of other defendants convicted of drug trafficking crimes and appearing before this Court for sentencing, suggests a decreased need to deter this Defendant from future criminality as compared with other defendants. It also distinguishes him from other career offenders appearing before this Court.

In addition, the presentence investigation report indicates that before the events that gave rise to this Indictment occurred, Defendant led an unusually difficult life. His father was a drug addict, and his mother struggled to raise her children and provide for her family financially. Their poverty required the family to live in areas of the city of Providence where drugs, guns and violence were the norm rather than the exception.

Defendant turned to drugs at an early age, unbeknownst to his mother, and the family became embroiled in the violence around them.

Defendant's personal history, especially his long history of substance abuse as described in Paragraph 54 of the presentence investigation report, coupled with his history of stress and anxiety as documented by his Miriam Hospital records as well as Defendant's own admission and the confirmation of his mother, suggest that Defendant has been "self-medicating" for his mental health problems since his early teens. Defendant's rehabilitation must involve both substance abuse and mental health treatment, and Defendant urges the Court to incorporate a recommendation for treatment in Defendant's sentence.

Numerous character reference letters, authored by friends and family members of the Defendant, are appended to this Memorandum. These letters attest to the strong bond between Defendant and his family. He is described as "honest, generous and kind," "a very caring and thoughtful person, who absolutely adores his family" and "encourages others to be the best and do the best that they can." He has been the caretaker for his children, enabling his fiancée to attend school, as well as a father figure to his sister's young son whose father predeceased the child's birth. Several letters describe the Defendant's learning disability, and his struggle to overcome the fact that he "take[s] longer to learn and comprehends things differently than most people." While struggling to learn himself, he supported his sisters in their determination to educate themselves, and both of his sisters are skilled computer programmers.

Based on all of the foregoing facts, Defendant submits that the ends of justice would be served and the Section 3553 factors satisfied by a sentence below the advisory guideline range, and asks that this Court exercise its discretion to impose such a sentence

ISAAC NATHANIEL CHANDLER
Defendant
By His Attorney,

Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on March 16, 2007, I mailed a copy of this Memorandum to AUSA Sandra Beckner, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903 and to USPO Heather McLoughlin, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.