IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ISAAC N.,CHANDLER,
Defendant,

vs. : Criminal No. CR-06-107 T

UNITED STATES OF AMERICA,
Respondent.

DEFENDANT CHANDLER'S MOTION FOR MODIFICATION OF SENTENCE STEMMING FROM THE U.S. SENTENCING COMMISSION'S CRACK AMENDMENT TO THE U.S. SENTENCING GUIDELINES

Defendant, Isaac N. Chandler, acting herein pro se,* pursuant to Title 18 U.S. Code, Section 3582(c)(2) and Section 1B1.10(c) of the United States Sentencing Guidelines, respectfully requests this Honorable Court to reduce his prison sentence of 188 months. In support of this motion, Mr. Chandler sets forth the followings.

BRIEF BACKGROUND

In 2007, Mr. Chandler had pled guilty to three counts of federal offenses, namely: (1) Possession with Intent to Distribute 5 grams of more of Cocaine Base ("Crack") within 1000 Feet of Public Secondary School, in violation of 21 U.S.C. § 841(A)(1) & (B)((1)(B) & 860; (2) Possession with Intent to Distribute 5

* This Motion was prepared by Shechem Lagayette, a former Law Instructor, Inter Alia.

grams or more of Cocaine Base ("Crack"), in violation of 21 U.S.C. § 841 (A)(1) & (B)(1)(B); and (3) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

Mr. Chandler's sentencing hearing was held on March 23, 2007. At the hearing, Mr. Chandler's sentencing was calculated as follows: A Criminal HistoryCategory of 5, Base Offense Level of 32, and a Guideline range of 188 to 235 months inmprisonment. With this calculation, this district Court sentenced Mr Chandler to 188 months imprisonment, which consists of 188 months on the two drug counts (1 and 2), plus 120 months on count 3 to run concurrent with one another (Sent Tr. at 37-41).

## APPLICABLE LAW AND ARGUMENT

As a result of the recent United States Sentencing Commission's decision reducing the Crack Cocaine Sentencing Guidelines and allowed district court judges to reduce the sentence of persons serving time under the prior guidelines, in conjunction with the Supreme Court's decisions in Booker and Kimbrough, Mr. Chandler requests a substantial amount of reduction of his sentence.

The Sentencing Commission made its decision on retroactivity of the Crack Cocaine Amendment after months of deliberations and years of examining cocaine issues. It solicited public comments on the issue of retroactivity and received over 33,000 letters or written comments, almost all of which were in favor of retroactivity. In December of 2007, the Commission held a full-day hearing on the issue of retroactivity and heard from key stakeholders in the Federal Criminal Justice Community

The Sentencing Commission considered a number of factors durign its deliberations, including the purpose for lowering Crack Cocaine Sentences, the limit on any reduction allowed by the amendment, whether it would be difficult for the courts to apply the reduction, and whether making the amendment retroactive would raise public safety concerns or cause unwarranted sentencing disparity in the Federal System. Ulitimately, the Commission determined that the statutory purposes of sentencing are best served by retroactive application of the amendment. Mindful of public safety and judicial resource concerns, on December 11, 2007 the Commission issued direction to the courts on the limited nature of this and on the need to consider public safety in each case. The Commission delayed the effective date of its decision on retro-activity--until March 3, 2008--in order to give the courts sufficient time to prepare for and process these cases. Needless to say, the instant case is one of such cases.

In Mr. Chandler's case, he was convicted and sentenced on three counts: Two crack cocaine counts and one firearm count (3). HIs Criminal History Category was calculated at 5, Offense Level 32, with a guideline range of 188 to 235 months imprisonment. Now, as previously mentioned, on November 1, 2007, the Sentencing Commission amended the guidelines and reduced sentences by two levels for crack offenses. As such, with the implementation of the two levels deduction in Mr. Chandler's Base Offense Level, his Base Offense Level of 30 and a Criminal History Category of 5, calls for a guideline range of 151 to 188 months imprisonment.

In Kimbrough vs. United States, 128 S.Ct. 588 (2007), the U.S.

Supreme Court gave judges way more leeeway to impose extremely shorter sentences than the two levels reduction in crack cocaine offenses. For instance, in Kimbrough, the high court correctly ruled that the guideline as amended "Now advances a crack/powder ratio that varies (at different offense levels) between 25 to 1 and 80 to 1, and the commssion has recommended a ratio of, at most, 20 to 1." Kimbrough, 128 S.Ct. at 573 (citing recommendations from the Sentencing Commission's 1995 Crack Report (1 to 1 ratio), 1997 Crack Report (5 to 1 ratio), and 2002 Crack Report (20 to 1 ratio)).

In United States vs. Booker, 125 S.CT. 738 (2005), the Supreme Court held that mandatory nature of the United States Sentencing Guidelines violates the Sixth Amendment. As a result of this conclusion, the Supreme Court excised those provisions of the Federal Guidelines mandatory. These are 18 U.S.C. § 3553(b)(1), mandatory use of the guidelines, and 18 U.S.C. § 3742(E), which "sets forth standards of re view on appeal." Booker, 125 S.Ct. at 756-757. Instead of being bound by the Sentencing Guidelines, a sentencing court is now required to consider the guideline ranges along with the statutory factors set forth in 18 U.S.C. § 3553(A).

Pursuant to § 3553(A), a court can consider a number of factors in order to reduce a defendant's prison sentence. Factors to be consdered among others are: "The need to provide the defendant with needed educational or vocational training." Id. 3553(A)(2). Well, here, Mr. Chandler had made good used of the edrucational and vocational classes available throughout the Federal Bureau of Prisons. For instance, Mr. Chandler has achieved a 5.0 in all

subject areas in the Literacy Program at USP-Canaan. (See Certificate Attached hereto as Exhibit "A"). Mr. Chandler has achieved a certificate for completing the "Life Skills" Class. (See Certificate Attached hereto as Exhibit "B"). Mr. Chandler has achieved certificate in plumbing. (See Certificate Attached hereto as Exhibit "C"), ect.

Evidently, Mr. Chandler has been rehabilititated and deserved to be resentenced. Thus, pursuant to Rule 43(A)(2) of Federal Rules of Criminal Procedure, Mr. Chandler should be present during his resentencing hearing.

WHERFORE, for good case shown, Mr. Chandler, pro se litigant hereby prays that this Honorable Court GRANT this motion in its enterity.

Respectfully Submitted this 1 day of April, 2008.

Respectfully Submitted,

Isaac Chandler

ISAAC CHANDLER, Pro Se
Reg. No. 05795-070
U.S.P. Canaan
Post Office Box 300
Waymart, Pennsylvania 18472