IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
v. ) CR. No. 06-107T
ISAAC NATHANIEL CHANDLER )

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

The defendant, Isaac Nathaniel Chandler, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Given the pending appeal with the First Circuit Court of Appeals, however, the district court is without jurisdiction to consider the defendant's § 3582(c) motion for modification.[1]

## FACTS

Following an investigation by the Providence Police Department (PPD), on October 4, 2006, a federal grand jury returned a three-count indictment charging that the defendant: (1) possessed with intent to distribute 5 grams or more of crack cocaine within 1,000 feet of a middle school; (2) possessed with

[1]The defendant's motion is grounded upon 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 effective March 3, 2008. Based upon his current sentence, the defendant's projected release date by the Bureau of Prisons is May 1, 2017.

intent to distribute 5 grams or more of crack cocaine; and (3) possessed a .45 caliber pistol as a convicted felon. The indictment also sought forfeiture of: $2,705 in cash; two home theater systems; and a car containing surveillance equipment.

The defendant pled guilty with a plea agreement on January 5, 2007. As part of the plea colloquy, Chandler admitted that the government's statement of the offense facts was true, that he was guilty as charged, and that the four items were forfeitable. Specifically, Chandler admitted that: (1) from his Raymond Street residence, officers seized 20.36 grams of crack, a set of digital scales bearing his fingerprint, drug packaging materials, and cocaine cutting agents; (2) the Raymond Street address was located within 1,000 feet of a middle school; (3) from his Salmon Street apartment, officers seized 13.77 grams of crack, a safe containing $2,500, and a loaded .45 caliber pistol; (4) from his person, officers seized 6.7 grams of crack and $205; (5) his car contained a "sophisticated countersurveillance system that allows the driver to monitor what is behind the vehicle via a camera hidden in the trunk lock"; and (6) he had confessed that the drugs were his, that he was a drug dealer, and that he kept the gun for protection.

In calculating the offense level using the drug guidelines, the Probation Office converted the $2,705 in cash to its cocaine weight equivalent, which raised the total drug weight from 40.91

grams to 95.01 grams and resulted in a two-level increase. (PSR ¶¶ 15.) Compare USSG § 2D1.1(c)(4), with USSG § 2D1.1(c)(5). Under the drug guideline analysis, the combined offense level for all three counts was 35. (PSR ¶ 29.) Because Chandler was a Career Offender (with an otherwise applicable offense level of 34 that was trumped by the level 35 designation), his Criminal History Category ("CHC") was automatically VI. (PSR ¶¶ 30, 36.) With a three-level reduction for acceptance of responsibility the total offense level was 32. (PSR ¶¶ 31-32.) The advisory guideline sentencing range ("GSR") was 210-262 months. (PSR ¶ 60.)

Prior to sentencing, Chandler (1) objected to the cash-drugs conversion, (2) moved for a conventional downward departure on the theory that his Career Offender designation overstated the seriousness of his criminal record, meriting a "horizontal" departure from CHC VI to CHC V, and (3) moved for a post-Booker downward variance based on the same theory and other alleged mitigating factors. The government opposed the requests, noting in particular that a horizontal departure was not warranted under the revised terms of USSG § 4A1.3.

At the March 23, 2007 sentencing, the district court concluded that, even putting to one side the fact that Chandler had earlier conceded that the cash was forfeitable, it was clear that the cash represented drug-related funds. The court

emphasized that the $205 was found on Chandler's person and that the $2,500 was "found in a safe in close proximity to drugs and the firearm" and that there was "no other explanation for it." The court granted a horizontal CHC departure of one level, reducing the GSR from 210-262 months to 188-235 months. The court then sentenced Chandler to the bottom of the revised GSR, 188 months.

On March 28, 2007, the defendant filed a notice of appeal challenging his sentence. The First Circuit Court of Appeals heard oral argument on that appeal on February 5, 2008, and the appeal remains pending.

## ARGUMENT

In his appeal now pending in the First Circuit, the defendant attacks the very sentence he now asks this Court to modify or reduce. The pendency of the defendant's First Circuit appeal divests this Court of jurisdiction to modify his sentence. United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) ("A docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence"). Given the defendant's pending appeal, this Court should dismiss without prejudice the

instant Motion as premature. The defendant can re-file his § 3582(c)(2) motion once his appeal has been resolved.[2]

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
sandra.beckner@usdoj.gov

[2] After his appeal, should the defendant file his § 3582(c) motion, it appears that he will be subject to a new guideline range. Although he is eligible for the two level reduction to his guideline range as calculated under § 2D1.1, because of his Career Offender Status, the practical effect of the guideline amendment will only result in a one level reduction to a level 31. Considering the Court's horizontal CHC departure of one level, the defendant's new guideline range would be 168-210.

CERTIFICATION

I hereby certify that on the 21st day of April, 2008, I electronically filed, as well as served by ordinary mail, postage prepaid, the within Government's Response To Defendant's Motion For Modification Of Sentence, to:

Isaac Nathaniel Chandler
Reg. # 05795-070
USP Canaan
P.O. Box 300
Waymart, PA 18472

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
sandra.beckner@usdoj.gov